# CHARLESTON.

### GILLESPY *v.* BOARD OF COMMISSIONERS OF OHIO COUNTY.

#### Decided November 17, 1900.

JUSTICES' FEES—*Felony Cases—Payment.*

Under section 20, chapter 137, Code, justices' fees in felony cases must be audited and paid by the county court or tribunal in lieu thereof, as other claims against the county.  (p. 270).

Error to Circuit Court, Ohio County.

Action by Robert H. Gillespy against the Board of Commissioners of the County of Ohio. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

W. C. MYERS and FRANK W. NESBITT, for plaintiff in error.

GEORGE E. BOYD, for defendant in error.

DENT, JUDGE:

The case of Robert H. Gillespy against the Board of Commissioners of the county of Ohio involves the question as to whether the county is liable for the fees of justices in felony cases. Section 20, chapter 137, Code, provides that "a justice shall be entitled in cases not otherwise provided for to the following fees, which shall be audited and paid by the county court as other claims against the county." Then follow the fees for the issuing of warrants and arrest, trial, and commitment of persons accused of offenses. The circuit court held that this section applied to justices' fees in felony cases, as they were not otherwise provided for, and gave judgment against the board of commissioners for the sum of two hundred and twenty dollars and sixty-five cents. The defendant now here claims that section 33, chapter 137, which is in language as follows: "In all criminal cases other than felony, search warrants and proceedings under chapter one hundred and fifty-six of this Code, the fees of justices and constables shall be charged to the county and audited and paid as other claims against the county, except that if there is no conviction before the circuit court, then the person making the com-

plaint before the justice shall pay said fees, and the county shall in no event, unless there is a conviction as aforesaid and the fines and costs be collected therein, be liable for or pay any such fees,"—inhibits the payment of fees in felony cases out of the county treasury. But this does not follow because the payment of such fees is excepted from the provisions of this section. Being otherwise provided for by the other section quoted, they are excluded from payment under this section because their payment is absolute, and not contingent on conviction of the accused and collection of the fines and costs. Section 229, chapter 50, Code, provides that the fines imposed and collected by justices shall form a fund for the payment of justices' and constables' fees in similar cases when not otherwise satisfied, and section 33 prohibits the payment of all such fees out of the county treasury unless the county has received the same from the accused. The object of this provision was not so much to provide how such fees were to be paid as to prevent them from being charged up to the county if the county did not receive them from the convicted party. Hence it could only apply to such convictions as are cognizable by a justice, and not to those cases in which he acts as a mere examining and committing tribunal, and these were excepted therefrom to prevent its application to them. Justices' fees in felony cases could not be made to depend upon the conviction of the felon and the collection of them from him, for he is deprived of his liberty, and is usually unable to pay fees, and the justice would lose them. Nor does the State, in requiring him to discharge these certain duties for it, expect him to go without compensation. There is no provision for the payment of such fees out of the State treasury or otherwise except as provided in said section twenty, which must, therefore, be held to apply to the same. The conclusion of the circuit court was, therefore, right, and its judgment must be affirmed.

*Affirmed.*